IN THE MATTER OF THE APPLICATION OF THE COUNTY OF HUDSON AND ALFRED J. PAKENHAM AND MARIE A. PAKENHAM, CITIZENS AND TAXPAYERS OF THE COUNTY OF HUDSON FOR A WRIT OF CERTIORARI TO REVIEW A RESOLUTION OR RESOLUTIONS ADOPTED BY THE STATE HOUSE COMMISSION ON OR ABOUT THE 21ST DAY OF APRIL, 1944, PROVIDING FOR THE PURCHASE OF VOTING MACHINES PURSUANT TO THE PROVISIONS OF CHAPTER 7, PAMPH. L. 1944.

Argued May 22, 1944—Decided May 25, 1944.

Before Justices CASE, BODINE and PORTER.

For the applicants, *J. Emil Walscheid.*

For the State House Commission, *Walter D. Van Riper* and *Homer C. Zink.*

BODINE, J. This is an application for a writ of *certiorari* to review a resolution adopted by the State House Commission providing for the purchase of voting machines pursuant to chapter 7, *Pamph. L.* 1944; *No.* 1, 1944, *Session Law Service, p.* 34. The act supplements *R. S.* 19:48. For a full-discussion of the question raised see *Hudson County* v. *State House Commission,* 130 *N. J. L.* 90.

The act is entitled: "An act concerning elections, providing for the use of voting machines in first and second class counties, making an appropriation to the State House Commission, and supplementing chapter forty-eight of Title 19

of the Revised Statutes." Its provisions are carefully drawn in order to comply with the determination above mentioned.

The legislature has appropriated the money for the purchase of voting machines, but it has not created a debt in violation of article IV, section 6, paragraph 4 of the State Constitution. The legislature may cause purchases to be made and salaries to be paid without violating the constitution. It, of course cannot, without submission to the people, create a mortgage debt in excess of the amount fixed by law. *Wilson, Attorney-General, v. State Water Supply Commission,* 84 *N. J. Eq.* 150.

The legislation does not run counter to article IV, section 7, paragraph 11 of the constitution. It does not regulate the internal affairs of Hudson County or the other counties of the state. The method of conducting elections is a matter of general state concern. *R. S.* 40:17–2–3 determines the classification of counties and a change occurs when by federal census the population changes.

The classification of first and second class counties is one of convenience and it may well be that in the more populous counties the voting machines produce an earlier tally of the votes cast. At all events, the regulation of elections has always been regarded as the subject of legislative action.

The circumstance that the act shall not apply in counties where voting machines have been in use is not subject to question. Why should the state purchase machines where they are already in use? No reason can exist for such action.

The act provides that the Board of Freeholders must appropriate sufficient money after installation to pay the cost of the machines. This is not a tax or special levy, but a direction as to how payment is to be made over a period of years with a low interest rate. Certainly, this cannot be called a tax.

The other points raised in the briefs have been carefully examined but have no merit.

The rule will be discharged, but without costs.